UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MARCELL WILLIAMS,

Petitioner,

v.

STATE OF NEVADA, et al.,

Respondents.

Case No. 3:17-cv-00180-RCJ-WGC

ORDER

Petitioner Marcell Williams' *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is before the court on respondents' motion to dismiss the petition as untimely (ECF No. 10).

I. **Background**

On March 18, 2014, Williams pleaded guilty to robbery with the use of a firearm (exhibit 3).[1] The state district court sentenced Williams to a term of 72 to 180 months with a consecutive term of 72 to 180 months for the deadly weapon enhancement. Exh. 4. Judgment of conviction was entered on May 15, 2014. *Id.* The court further ordered that the sentence be served consecutively to Williams' other case, CR13-1459. *Id.*

Williams filed a notice of appeal on June 25, 2014, and the Nevada Supreme Court dismissed the untimely appeal for lack of jurisdiction. Exh. 6.

On June 2, 2015, Williams filed a *pro per* state postconviction petition, which the state district court dismissed as untimely. Exhs. 8, 10, 15. The Nevada Supreme Court

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 10, and are found at ECF No. 11.

1

affirmed the dismissal of the petition on October 19, 2016, and remittitur issued on November 11, 2017. Exhs. 21, 22.

Williams dispatched his federal habeas petition for mailing about March 17, 2017 (ECF No. 6). Respondents have moved to dismiss the petition as time-barred (ECF No. 10).

## II. Legal Standard – Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect on April 24, 1996, and imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

A petitioner may be entitled to equitable tolling if he can show "'(1) that he has been pursuing his right diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2009)(quoting prior authority). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Ignorance of the one-year statute of limitations does not constitute an extraordinary circumstance that prevents a prisoner from making a timely filing. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal

sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

III. **Instant Action**

Williams alleges two grounds for federal habeas relief:

Ground 1: Williams' plea counsel rendered ineffective assistance in violation of his Sixth Amendment rights because counsel promised Williams that he would receive concurrent sentences (ECF No. 6, p. 3).

Ground 2: Williams' Fifth Amendment due process rights were violated because he believed that he accepted a plea deal for one specific sentence. He also believed he would be sentenced in the two cases by two separate judges but was sentenced by one judge. *Id.* at 5.

Williams' thirty days to file a notice of appeal from his judgment of conviction with the Nevada Supreme Court expired on June 14, 2014. *See* NRAP 4(b)(1)(A); Exh. 53. The AEDPA one-year statute of limitations thus began to run. Williams filed a notice of appeal on June 25, 2014. Exh. 5. As noted earlier, on July 25, 2014, the Nevada Supreme Court dismissed the untimely appeal for lack of jurisdiction. Exh. 6. Remittitur issued on August 19, 2014. Exh. 7. As no properly filed appeal was pending, no time is tolled between the time Williams filed his untimely notice of appeal and the date the Nevada Supreme Court dismissed the appeal.

Next, Williams filed a state postconviction habeas corpus petition on June 2, 2015. Exh. 8. However, because Williams did not timely file a direct appeal, under Nevada law, he had one year from May 15, 2014—the date of entry of the judgment of conviction—to file a state habeas petition. NRS 34.726(1). On February 10, 2016, the state district court dismissed the petition, finding that it was untimely and Williams failed to overcome the procedural violation by showing good cause or external impediments for the delay. Exh. 15. On October 19, 2016, the Nevada Court of Appeals affirmed the dismissal of the petition as time-barred. Exh. 20.

When a post-conviction petition is untimely under state law, "that [is] the end of the matter" for the purposes of § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. at 412-16.

3

Because Williams' state postconviction habeas petition was untimely under state law, it was not a "properly filed application" and thus did not toll the AEDPA statute of limitations. The AEDPA one-year deadline thus expired on June 14, 2015. Almost two years later on March 17, 2017, Williams dispatched his federal petition for filing ECF No. 6).

This federal petition is, therefore, time-barred, unless Williams can demonstrate that he is entitled to equitable tolling of the AEDPA statute of limitations. In his opposition to the motion to dismiss, Williams only argues that his grounds for relief are meritorious; he does not address the statute of limitations in any way. Williams has failed to demonstrate that his petition should not be dismissed as untimely.

Accordingly, respondents' motion to dismiss this petition as time-barred is granted. This petition is dismissed with prejudice.

IV. **Certificate of Appealability**

This is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id*.

4

Having reviewed its determinations and rulings in dismissing Williams' petition, the court finds that none of those rulings meets the *Slack* standard. The court therefore declines to issue a certificate of appealability.

V. **Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss the petition as untimely (ECF No. 10) is **GRANTED**. The petition is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED: 2 July 2018.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE